IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CITIBANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-482 |
| | § | |
| FLORIDALMA ALBIZUREZ AND ALL OTHER OCCUPANTS, | § § | |
| | § | |
| Defendants. | § | |

OPINION AND ORDER OF REMAND

Pending before the Court in the above referenced cause, an appeal of a forcible detainer suit removed on diversity grounds from the County Court at Law Number Four of Harris County, Texas where it was designated Cause No. 1026714, is Plaintiff Citibank, N.A.' motion to remand (instrument #3). Plaintiff also seeks an award of costs and actual attorney's fees incurred because of Defendant's removal. Because Defendant Floridalma Albizurez has not filed a response, under Local Rule 7.4 the motion is deemed unopposed.

Plaintiff moves for remand on two grounds: (1) the Court lacks subject matter jurisdiction because Defendant has failed to establish that the amount in controversy exceeds $75,000; and (2) the removal is procedurally defective because Defendant is a citizen of the State of Texas and the removal was untimely.

To remove a case based exclusively on diversity of citizenship the defendant bears the burden to demonstrate that the amount in

controversy exceeds $75,000.  28 U.S.C. § 1332(a).  If the state court petition does not establish the jurisdictional amount, the removing defendant bears the burden of showing by a preponderance of summary judgment-type evidence that the jurisdictional amount is satisfied.  *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).  In a forcible detainer action, the amount in controversy is the value of the right to occupy or possess the property in dispute, not the fair market value.  *Federal Nat. Mortg. Ass'n v. Ramirez*, No. 3:13-cv-2082-M, 2013 WL 6768002, at *2 (N.D. Tex. Dec. 23, 2013)(and cases cited therein).  Here because Defendant merely states in her Notice of Removal that the fair market value of her property is $77,569, but presents no evidence of the value of her possessory interest in it, the Court agrees with Plaintiff that Defendant has failed to meet her burden of proof that federal jurisdiction exists and that the removal was proper.

Congress recently clarified 28 U.S.C. § 1441(b)(2), which now states that a "'civil action otherwise removable *solely on the basis of [diversity jurisdiction]* may not be removed it any of the . . . defendants is a citizen of the State in which such action is brought.'"  *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 223 (5th Cir. 2013).  Defendant's Notice of Removal states that she is a citizen of Texas.  Therefore the Court agrees that her removal based on diversity jurisdictions is procedurally defective.

Under 28 U.S.C. 1446(b), a notice of removal of a civil action

must be filed within thirty days after the defendant receives "through service or otherwise, . . . a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based." *See, e.g., Mumphrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397-98 (5th Cir. 2013). Defendant was served on December 31, 2012, but did not file her Notice of Removal until February 22, 2013, an additonal procedural defect.

Accordingly, for the reasons stated, the Court

ORDERS that Plaintiff's motion to remand is GRANTED and this case is REMANDED to the County Court at Law Number Four of Harris County, Texas. Moreover under 28 U.S.C. § 1447(c), the Court awards Plaintiff $875.00 as costs and attorney's fees incurred as a result of the removal, as supported by counsel's Declaration (#3-3).

**SIGNED** at Houston, Texas, this  8th  day of  January , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE